IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID A. SCHULTE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) Case No. | |
| MANNERING CONDOMINIUM ASSOCIATION ) | |
| a Missouri not-for-profit corporation ) | |
| ) | |
| and ) | |
| ) | |
| EFTHIM COMPANY REALTORS ) | |
| ) **JURY TRIAL DEMANDED** | |
| Defendants ) | |
| ) | |
| ) | |

**COMPLAINT FOR VIOLATION OF FAIR HOUSING ACT, DECLARATORY JUDGMENT AND INJUNCTION, WRONGFUL EXECUTION,  ABUSE OF PROCESS, AND FAILURE TO FILE SATISFACTION OF JUDGMENT**

COMES NOW Plaintiff David A. Schulte and for his Complaint against defendants Mannering Condominium Association  and Efthim Company Realtors states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.	Plaintiff   David A. Schulte   is a resident of the City of St. Louis, State of Missouri.

2.	Defendant Mannering Condominium Association ("Mannering")  is a Missouri not-for-profit corporation with its principal place of business in the City of St. Louis, State of Missouri.    At all material times herein , Efthim Company Realtors and its employees  were

agents of Mannering acting within the course and scope of their agency authority.

3. Defendant Efthim Company Realtors ("ECR") is a corporation organized under the Laws of the State of Missouri doing business in the City of St. Louis, State of Missouri.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 3613, and Rule 57 and 65 of the Federal Rules of Civil Procedure.

5. Plaintiff's federal claims arise under the Fair Housing Act , 42 U.S.C. Sect. 3601 et seq.

6. Venue is proper  in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## FACTS COMMON TO ALL COUNTS

7. At all material times herein, Plaintiff Schulte has been diagnosed with a mental illness  that  substantially limits a major life activity including, but not limited to, his ability to make decisions and to process information and is a disabled individual within the meaning of the Fair Housing Act.

8. At all material times herein, Defendants Mannering and ECR knew or had reason to know of Plaintiff's disability.

9. Defendant Mannering is the governing body for the "Unit Owners" of the 6 condominiums located 1716 Waverly Drive St. Louis, Mo 63104.

10. Pursuant to the "Mannering Condominium  Declaration of Condominium By-laws and Indenture" ("Declaration") , a "Unit Owner" is "the person or persons whose estates or interests, individually or collectively, aggregate a  fee simple ownership of a "Unit."

11. Each Unit Owner is member of Mannering and a member of the Board of Managers (the "Board") that governs Mannering. A copy of the Declaration is attached hereto as Exhibit 1.

12. The Board creates an estimated annual budget for Mannering each fiscal year. After the Board approves the budget, each Unit Owner is assessed his or her proportionate share of the Common Expenses for such year as shown by the budget. This assessment is paid monthly.

13. Pursuant to the Declaration the Board may also assess a "Unit Owner" with "special expenses" which are defined in the Declaration to include, inter alia, expenses incurred to maintain, repair or replace any portion of the Common Elements or a Unit as a direct result of damage directly attributable or cause by the negligent or reckless acts of a Unit Owner.

14. ECR is the property manager for Mannering and collects the assessments from Unit Owners. On information and belief, ECR also maintains Mannering's accounting books and records.

15. At all material times herein, Plaintiff was and still is a "Unit Owner" of the condominium known and numbered as 1716 Waverly Place, Unit F, St. Louis, MO 63104 (the "Condominium,") and legally described as follows:

> Unit 6 of Mannering Condominiums, According to the Plat Thereof Recorded in Plat Book 46, Page(s) 12 and in City Block 1326 of the St. Louis City Records, Together with the Undivided Share of Common Elements and appurtenances thereto belonging , all according to and more particularly described and shown in the Mannering Declaration of Condominium By-Laws and Indentures Recorded in Book 274M, Page 2124 and Amended by Book 1793M, Page 194 and all Subsequent Amendments Thereof, of the City of St. Louis Records. Together with all Improvements Thereon and Numbered as : 1716 Waverly Place 6(F), Parcel #6(187541), Locator No. -1326-00-04060.

16. Plaintiff no longer resides in his Condominium but rents it to a tenant. He has never felt welcome at the Mannering Condominums by Mannering or the other Unit Owners. In January 2014, somebody spit on the door of his Condominium while Plaintiff lived there. Plaintiff notified Mannering of the spitting incident, but on information and belief, Mannering took no action.

17. Often, Mannering and ECR have been uncooperative when Plaintiff asks for information regarding assessments and special assessments to his account or specifies how his payments to Mannering are to be applied.

18. In January 2014, Plaintiff sent two checks to ECR with a conspicuous statement on each check that it was to be applied to "special assessments" against his account. ECR refused to follow this direction. When Plaintiff protested, Frank Efthim, the president of ECR responded:

> When money is due on multiple accounts you do not have the right to dictate the Placement of funds when the policy has always been "first due, first paid". This is no different than if you personally came in here and told me that you were paying February's fees today. It would go against the oldest balance on the books. This is how it is handled for your association and all of the others as well.
>
> See Email from Frank Efthim dated February 7, 2014 attached hereto as Exhibit 2.

19. On or about January 4, 2014 Mannering filed a "Lien for Assessments" against Plaintiff's Condominium.

20. On February 21, 2014, Mannering filed a "Petition to Enforce Lien and Recover Assessments" against Plaintiff styled <u>Mannering Condominium Association v. David A. Schulte</u> in the Circuit Court of the City of St. Louis, State of Missouri, Associate Division, Cause No. 1422-AC02339.

21. On May 20, 2014 a Judgment was entered in the Lawsuit in favor of Mannering and against Schulte in the amount of $7,888.74 plus court costs consisting of a "principal balance of $5077.79 and attorneys fees of $2,810.95". A copy of the Judgment, which was affirmed on appeal on June 2, 2015, is attached hereto as Exhibit 3.

22. In April, May, June, July and August 2015 a total of $8,685.30 was paid by or on behalf of Plaintiff to Mannering by means of 6 separate checks. Copies of the front and back of the checks are attached hereto as Exhibits 4, 5, 6, 7, 8 and 9.

23. The last check was dated August 4, 2015 and in the amount of $3,435.30. The face of the check contained the following conspicuous notation: : **"Payment in Full for Case No. 1422-AC02339".** See Exhibit 9.

24. Accompanying the August 4, 2015 check and another check dated August 3, 2015 in the amount of $1050 (Exhibit 8) was a letter from Plaintiff dated August 5, 2015 addressed to Mannering, ECR, the Mannering Board and the Individual Mannering Unit Owners. The letter stated in relevant part:

> Everyone:
>
> You will receive this in advance of your next Association meeting on 8/10/15
> Enclosed are the following U.S Bank Cashier's Checks:
> #6975506208 – August 3, 2015 - $1050 and
> #6975506211 – August 4, 2015 - $3,435.30
>
> With the prior four $1050 checks (total $4,200) received by you in April, May, June and July, (two of which just yesterday you corrected/ credited to me); all six payments, including the two cashier's checks enclosed herein add up to a total of $8,685.30. As I calculate, this is likely overpayment of the judgment, due to post judgment interest evidently inaccurately calculated without your having credited the appropriate payments in the "Less Credits Line." If not overpaid, then my payments are significantly correct to qualify as having satisfied the Judgment….
>
> Now that Mannering is paid (likely overpaid) in cashier's check funds what needed to satisfy the judgment, you are required to accordingly and immediately

5

release the judgment (and lien) and e-mail me proof of same release(s).

A true and accurate copy of the letter is attached hereto as Exhibit 10

25. The August 5, 2015 letter together with the August 3 and August 4 checks was sent by certified mail and received by Mannering on August 7, 2015. A copy of the U.S Postal Service Certified Mail Receipt is attached hereto as Exhibit 11.

26. Defendant Mannering indorsed the August 3, 2015 and August 4 2015 cashier's checks shortly after it received them on August 7, 2015 and deposited the checks into Mannering's bank account.

27. Despite Plaintiff's request that Mannering release the Judgment, Defendant Mannering has failed and refused to do so even though the total amount ($8,685.30,) was the same amount which Mannering claimed was owed on the Judgment in an "Execution Application and Order" (the "Execution Order") which Mannering filed in its lawsuit on or about June 24, 2015. A copy of the Execution Order is attached hereto as Exhibit 12.

28. Mannering contends that Plaintiff still owes more than $6,400 on the Judgment Attached hereto as Exhibit 13 is a copy of a "PayOff Calculation" provided by Mannering's counsel through the period November 16, 2015.

29. For almost two years, Mannering has been assessing Plaintiff's account with attorneys fees on a regular basis. To date, the attorneys fees total more than $16,000. On information and belief, Plaintiff is the only Unit Owner who has been assessed attorneys fees by Mannering.

30. When Plaintiff sent his May 2015 check he enclosed a letter to ECR dated May 11, 2015 asking ECR to provide copies of all paid invoices matching the charges to him with

6

detailed explanation for what he was being charged.   A copy of his May 11, 2015 letter is attached hereto as Exhibit 14.

31. Defendant Mannering and ECR refused his request and still refuse to provide Plaintiff with copies of the invoices from Mannering's counsel showing the services rendered for which Plaintiff is being charged.

32. More than $2,000 of the attorneys fees which Mannering has assessed against Plaintiff's account arise from Mannering's defense of a housing discrimination complaint which Plaintiff filed with the Missouri Commission on Human Rights ("MCHR"), Case Number 07-14-0314-8/H-03/14-04060 (the "Charge") for disability discrimination in March 2014.   The Charge was resolved in favor of Mannering in August 2014.

33. On information and belief, Mannering's assessment of these attorneys fees to Plaintiff's account was retaliation against Plaintiff for bringing the Charge.

34. On information and belief, Mannering has also assessed attorneys fees against Plaintiff's account arising from Mannering's defense to a housing discrimination complaint which Plaintiff filed with the United States Department of Housing and Urban Development in September 2015, Case No. 07-15-0576-8 (the "HUD Complaint").   HUD's investigation is continuing.

35. On information and belief, the assessment of such attorneys fees is retaliation against Plaintiff for filing the HUD Complaint.

36. On information and belief other attorney fees which Mannering has assessed against Plaintiff relate to Plaintiff's requests to ECR for information about his Mannering account and/or for corrections to his account and/or Mannering financial records.   Mannering and ECR do not respond to the requests but assesses attorneys fees against Plaintiff's account.

7

37. On information and belief, other Unit Owners requesting information about their account or corrections to their account or Mannering financial records are provided such information and not assessed attorneys fees. Plaintiff is entitled to the same treatment as other Unit Onwers. On information and belief, Mannering's discriminatory treatment of Plaintiff is further retaliation for bringing the Charge against Mannering and/or due to his disability.

38. Mannering also assesses Plaintiff monthly late fees for his delinquent payment of assessments. On information and belief, no such late fees are charged to other Unit Owners who are delinquent in paying their assessments. On information and belief, this discriminatory treatment of Plaintiff is in retaliation for Plaintiff filing the Charge against Mannering and/or due to his disability.

39. On or about October 22, 2015, Plaintiff received a Notice of Sheriff's sale of his Property for December 9, 2015. A copy of the Notice is attached hereto as Exhibit 15.

40. On November 10, 2015, Defendant Mannering's counsel notified Plaintiff that the Sheriff's sale would occur on December 18, 2015. A copy of the notice is attached hereto as Exhibit 16.

41. Mannering and ECR have failed to follow their own accounting policy which is to apply payments to the "oldest balance on the books." See Exhibit 2. For Plaintiff's account, the oldest balance is the May 20, 2014 Judgment. Yet, instead of applying all of Plaintiff's payments to the Judgment (which would satisfy it), Mannering and ECR have applied some or all of Plaintiff's payments to later assessments occurring after May 20, 2014 .

42. On information and belief, Plaintiff is the only Unit Owner whose payments are not applied to the oldest balance on the books. On information and belief, this discriminatory

8

treatment of Plaintiff by defendant Mannering is further retaliation against Plaintiff for bringing the Charge against Mannering and/or because of Plaintiff's disability.

43. On information and belief, Defendant Mannering and ECR seek to prevent Plaintiff from paying the Judgment so that Mannering can sell Plaintiff's Condominium at the Sheriff's sale.

44. Pursuant to the Declaration, Mannering has the right to purchase the condominium from any third party purchaser for the amount bid by the purchaser at the Sheriff's sale. Such a right is likely to chill the bidding and result in a depressed price and windfall profit for Mannering. Such a sale will also enable Mannering to rid itself of Plaintiff.

## CLAIMS FOR RELIEIF

### COUNT I

### Violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3617

45. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 44 above as fully as if set forth verbatim herein.

46. Plaintiff was engaged in an activity protected act under the Fair Housing Act when he filed the Charge with MCHR and when he filed his HUD Complaint.

47. On information and belief, as a direct result of said protected activity, Defendant Mannering and ECR have taken the following adverse actions against Plaintiff:

   a. Mannering and ECR have assessed attorneys fees totaling more than $2000 against Plaintiff's account for defending against said Charges;

   b. Mannering and ECR have assessed attorneys fees against Plaintiff's account for defending against the HUD Complaint;

9

  c. Mannering and ECR have assessed atttorneys fees against Plaintiff's account  when Plaintiff requests information about his account but do not charge attorneys fees to other Unit Owners who request similar information.

  d. Mannering and ECR  have deviated from their standard  policy of applying payments to the oldest balance on the books  in an effort to prevent Plaintiff from satisfying the Judgment so that Mannering may execute on the Judgment and sell Plaintiff's Condominium; and

  e. Mannering and ECR have assessed late fees to Plaintiff's account  for delinquent payment of assessments but do not  assess late fees against other Unit Owners who are delinquent in the payment of their assessments; and

48. The preceding actions of Mannering and ECR constitute  unlawful retaliation against Plaintiff in violation  42 U.S.C. § 3617.

49. As a direct and proximate result of Defendant Mannering and ECR's actions, Plaintiff has  suffered worry, anxiety, humiliation,  and other damages in an amount that is presently undetermined but believed to be in excess of twenty-five thousand dollars ($25,000).

50. On information and belief, the actions of Defendants Mannering and ECR were wilful, wanton and malicious and entitle Plaintiff to punitive damages.

## COUNT II

### Violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968
### 42  U.S.C. § 3604(f)(2)

51. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 50 above as fully as if set forth verbatim herein.

52. On information and belief, Defendant Mannering and ECR have taken the following action against Plaintiff because of his disability:

    a. Mannering and ECR have assessed attorneys fees totaling more than $2000 against Plaintiff's account for defending against said Charges;

    b. Mannering and ECR have assessed attorneys fees against Plaintiff's account for defending against the HUD Complaint;

    c. Mannering and ECR have assessed atttorneys fees against Plaintiff's account when Plaintiff requests information about his account but do not charge attorneys fees to other Unit Owners who request similar information.

    d. Mannering and ECR have deviated from their standard policy of applying payments to the oldest balance on the books in an effort to prevent Plaintiff from satisfying the Judgment so that Mannering may execute on the Judgment, sell Plaintiff's Condominium and rid itself of Plaintiff;

    e. Mannering and ECR have assessed late fees to Plaintiff's account for delinquent payment of assessments but does not assess late fees against other Unit Owners who are delinquent in the payment of their assessments; and

    f. Mannering and ECR have frequently failed and refused to respond to Plaintiff's request for financial information about his Mannering account.

53. The foregoing actions and failure to act of Defendant Mannering and ECR constitute unlawful housing discrimination against Plaintiff in the provisions of services in connection with her Condominium in violation of 42 U.S.C. § 3604 (f)(2).

11

54. As a direct and proximate result of Defendant Mannering and ECR's actions, Plaintiff has suffered worry, anxiety, humiliation, and other damages in an amount that is presently undetermined but believed to be in excess of twenty-five thousand dollars ($25,000).

55. On information and belief, the actions of Defendants Mannering and ECR were willful, wanton and malicious and entitle Plaintiff to punitive damages.

## COUNT III

### Declaratory judgment and Injunctive relief)

56. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 55 above as fully as if set forth verbatim herein.

57. A controversy exists between Plaintiff and Defendant Mannering whether Plaintiff has paid the Judgment in full and Defendant's right to execute on the Judgment.

58. Defendant Mannerings's property manager and agent ECR informed Plaintiff that Mannering's policy was "first due, first paid" and that payments are applied "to the oldest balance on the books" (hereinafter the "Accounting Policy").

59. Plaintiff's payments in April, May, June and July, and August 2015 should have been applied to the Judgment since it was the oldest balance owing.

60. When applied in this fashion, Plaintiff's payments in April, May, June, July and August 2015 paid the Judgment in full.

61. Plaintiff has an inadequate remedy at law and will suffer irreparable harm if his Condominium is sold at the Sherriff's Sale.

62. Plaintiff respectfully requests a Judgment declaring that Plaintiff has paid the Judgment and enjoining Mannering, ECR, and their respective agents and employees from

12

proceeding with the Sheriff's sale of Plaintiff's Condominium or otherwise executing on the Judgment against Plaintiff.

## COUNT IV

### Declaratory Judgment and Injunctive Relief

### (Accord and Satisfaction)

63. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 62 above.

64. A controversy exists between Plaintiff and Defendant Mannering as to whether there has been an accord and satisfaction of the Judgment and Defendant Mannering's right to execute on said Judgment.

65. Plaintiff's cashier's check dated August 4, 2015 contained a conspicuous statement that it was "Payment in Full for Case No. 1422-AC02339".  And Plaintiff's letter accompanying the check made clear that he intended that payment to constitute payment in full of the Judgment.

66. Defendant Mannering received the aforesaid check on August 7, 2014

67. Plaintiff tendered his August 4, 2015 check in good faith as full satisfaction of the Judgment.

68. The amount of the Judgment was unliquidated and/or the amount owed Mannering at the time Plaintiff tendered his August 4, 2015 check was subject to a bona fide dispute since Defendant Mannering and ECR, contrary to their own Accounting Policy, had not timely and properly credited Plaintiff's April, May, June and July 2015 payments towards the Judgment to reduce the principal balance and the post Judgment interest accruing on the Judgment.  Instead, on information and belief, Defendant Mannering and ECR applied all or a

portion of Plaintiff's April, May, June, July and August 2015 payments to special assessments, assessments and attorneys fees which Mannering had charged against Plaintiff after the Judgment.

69. Defendant Mannering indorsed and deposited Plaintiff's August 4, 2015 cashier's check into Mannering's bank account.

70. Plaintiff has an inadequate remedy at law and will suffer irreparable harm if his Condominium is sold at the Sherriff's Sale.

71. Plaintiff respectfully requests a Judgment declaring that pursuant to 400.3-311 RSMo an accord and satisfaction of the Judgment occurred when Defendant Mannering indorsed and deposited Plaintiff's August 4, 2015 check into Mannering bank account and cashed said check.

72. Plaintiff also respectfully requests an injunction prohibiting Defendants Mannering and ECR and their respective agents and employees from proceeding with the Sherriff's sale of Plaintiff's Condominium or otherwise executing on the Judgment against Plaintiff.

## COUNT V

### Wrongful Execution

73. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 72 above as fully as if set forth verbatim herein.

74. On information and belief, Defendants Mannering and ECR are engaged in a common plan, scheme, conspiracy or course of conduct of which an essential element is executing on the Judgment, selling Plaintiff's Condominium and terminating Plaintiff's membership in Mannering.

14

75. Defendant Mannering and ECR know or reasonably should know that the Judgment has been paid in full and/or that an accord and satisfaction of the Judgment occurred when Mannering indorsed and deposited Plaintiff's August 4, 2015 check into Mannering's bank account and cashed said check.

76. Defendant Mannering and ECR's actions in proceeding with the Sheriff's sale is wrongful and intended expected to humiliate and distress Plaintiff and to force Plaintiff out of Mannering by terminating his membership through the unlawful sale of his Property.

77. As a direct and proximate result of Defendant Mannering and ECR's intentional and outrageous conduct Plaintiff has suffered worry, anxiety, humiliation, and other damages in an amount that is presently undetermined but believed to be in excess of twenty-five thousand dollars ($25,000).

78. Defendant Mannering and ECR's actions are willful, wanton and malicious and entitle Plaintiff' to punitive damages.

## COUNT VI

### Abuse of Process

79. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 78 above as fully as if set forth verbatim herein.

80. On information and belief, Mannering and ECR are engaged in a common plan, scheme, conspiracy or course of conduct of which an essential element is executing on the Judgment, selling Plaintiff's Condominium and terminating Plaintiff's membership in Mannering.

81. By filing a writ of execution and scheduling the Sheriff's sale of Plaintiff's Property, Defendant Mannering and ECR have engaged in an illegal and a perverted use of

15

process or a use that is not warranted or authorized by process because Plaintiff has paid the Judgment in full and/or there exists and accord and satisfaction of the Judgment.

82. Defendant Mannering and ECR's actions in proceeding with the Sheriff's sale is wrongful and intended expected to humiliate and distress Plaintiff and to force Plaintiff out of Mannering by terminating his membership through the unlawful sale of his Property.

83. As a direct and proximate result of Defendant Mannering and ECR's intentional and outrageous conduct, Plaintiff has suffered worry, anxiety, humiliation, and suffered other damages in an amount that is presently undetermined but believed to be in excess of twenty-five thousand dollars ($25,000).

84. Defendant Mannering and ECR's actions are willful, wanton and malicious and entitle Plaintiff' to punitive damages.

## COUNT VII

### Failure to Acknowledge Satisfaction of Judgment

85. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 78 above as fully as if set forth verbatim herein.

86. On information and belief, Mannering and ECR are engaged in a common plan, scheme, conspiracy or course of conduct of which an essential element is executing on the Judgment, selling Plaintiff's Condominium and terminating Plaintiff's membership in Mannering.

87. Plaintiff paid the Judgment in full with his August 4, 2015 cashier's check, or in the alternative, an accord and satisfaction of the Judgment occurred when Defendant Mannering indorsed and deposited said check into Mannering's bank account and cashed said check.

88. On August 5, 2015 Plaintiff requested Defendant Mannering and ECR to file a satisfaction of the Judgment and to release the lien, but Defendant Mannering and ECR have failed and refused to do so.

89. As a direct and proximate result of Defendant Mannering and ECR's actions, there exists a cloud on the title to Plaintiff's Condominium which has interfered with Plaintiff's existing and future use of the property and caused other damages to Plaintiff which are presently undetermined but believed to be in excess of $5,000.

90. Defendant Mannering and ECR's actions are willful, wanton and malicious and entitle Plaintiff to punitive damages.

**RELIEF**

WHEREFORE, Plaintiff David A. Schulte prays that this Court:

A. Assume Jurisdiction over this action.

B. Enter a Declaratory Judgment pursuant to 28 U.S.C. § 2201 declaring that

1. The actions of Defendant Mannering and ECR in assessing attorneys fees against Plaintiff's account for responding to Plaintiff 's Charge and the HUD Complaint constitute unlawful retaliation against Plaintiff in violation of 42 U.S.C. § 3617.

2. The action and omissions of Defendant Mannering and ECR in refusing to provide Plaintiff with information about his account or provide requested corrections to his account or provide requested financial records of Mannering and assessing Plaintiff attorneys fees when he submitted such requests were taken because of Plaintiff's disability in violation of 42 U.S.C. 3604 (f)(2).

    3. That Plaintiff paid the Judgment, or alternatively, an accord and satisfaction of the Judgment occurred when Defendant Mannering cashed Plaintiff's August 4, 2015 check.

  C. Enter a Temporary Restraining Order and a Preliminary and Permanent Injunction:

    1. enjoining Defendant Mannering and ECR and their respective agents (including, without limitation, the Sheriff of the City of St. Louis) and employees from proceeding with the Sheriff's sale of Plaintiff's Condominium or otherwise executing on the Judgment;

    2. enjoining Defendant Mannering to immediately file a satisfaction of the Judgment and release the Judgment lien; and

    3. enjoining Defendants Mannering and ECR pursuant to 42 U.S.C. § 3613(c)(1) from engaging in further retaliatory or discriminatory conduct against Plaintiff.

  D. Award Plaintiff actual damages against Mannering and ECR jointly and severally in such amount as may be proven at trial but believed to be in excess of $25,000;

  E. Award Plaintiff punitive damages against Mannering and ECR jointly and severally in such amount as are fair and reasonable

  F. Award Plaintiff his court costs and reasonable attorney's fees; and

  G. Grant Plaintiff such other and further relief as may be necessary and proper.

LEGAL SERVICES OF EASTERN MISSOURI, INC.

By /s/ *Daniel E. Claggett*
  Daniel E. Claggett  #26982MO
  Daniel E. Underwood #44091MO
  4232 Forest Park Avenue
  St. Louis, Missouri 63108
  (314) 534-4200 telephone
  (314) 534-1028 facsimile
  declagggett@lsem.org
  DEUnderwood@lsem.org

METROPOLITAN EQUAL HOUSING OPPORTUNITY COUNCIL

By: /s/ *Zack M. Schmook*
   Zack M Schmook #59555MO
   1027 S. Vandeventer Ave, Suite 4
   St. Louis, Missouri 63110
   (314) 246-9381 telephone
   (314) 888-636-4412 facsimile
   zschmook@ehoc-stl.org

ATTORNEYS FOR PLAINTIFF